An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-686

Filed 5 August 2026

Jones County, No. 22CR050054-510

STATE OF NORTH CAROLINA

v.

SHANDA LEANN GUTHRIE

Appeal by Defendant from Judgment entered 9 September 2024 by Judge Clint D. Rowe in Jones County Superior Court. Heard in the Court of Appeals 21 April 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Aymie Feeney, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for Defendant-Appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Shanda Leann Guthrie (Defendant) appeals from a Judgment entered 9 September 2024 pursuant to termination of her Conditional Discharge and entry of

Judgment on her *Alford* guilty plea.[1]  The Record before us tends to reflect the following:

On 16 May 2022, Defendant was indicted on charges of Felony Possession of a Schedule II Controlled Substance, Keeping or Maintaining a Vehicle for the Purpose of Using Controlled Substances, and Possession of Drug Paraphernalia.

On 15 May 2023, Defendant entered an *Alford*[2] guilty plea to Felony Possession of a Schedule II Controlled Substance and Possession of Drug Paraphernalia. Consistent with the plea agreement, the trial court entered a Conditional Discharge pursuant to N.C. Gen. Stat. § 90-96.  Under the Conditional Discharge, Defendant's charges would be dismissed so long as she completed one year of supervised probation, a substance-abuse treatment program, and twenty-four hours of community service within 120 days of entry of the Conditional Discharge.

On 28 September 2023, Defendant's probation officer submitted a probation violation report alleging Defendant had failed to complete her community service and the treatment program.  The matter came on for hearing on 11 March 2024.  However, at the hearing, the parties agreed to continue the matter until 20 May 2024.  The parties also asked the trial court to extend Defendant's probation through that date so that Defendant could fulfill her community service hours.  The trial court agreed

---

[1] The Judgment in the Record is not file-stamped.
[2] *See North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

and entered an Order extending Defendant's probation until 20 May 2024 that same day.

The trial court held a hearing on Defendant's alleged probation violations on 9 September 2024, about four months after her probation had expired.[3] At the hearing, Defendant, through counsel, stated she had completed her community service hours but admitted she did not have any proof of completion.

The trial court found Defendant had violated her probation by failing to complete her court-ordered community service; revoked Defendant's Conditional Discharge; and entered a Judgment sentencing Defendant to 6 to 17 months of imprisonment, suspended for twenty-four months of supervised probation. Defendant gave oral Notice of Appeal in open court.

## **Appellate Jurisdiction**

"Absent statutory authority, a defendant does not have any right to appeal from judgment entered upon his conviction." *State v. Biddix*, 244 N.C. App. 482, 485, 780 S.E.2d 863, 865 (2015) (citing *State v. Pimental*, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002), *overruled on other grounds by State v. Killette*, 381 N.C. 686, 873 S.E.2d 317 (2022)).

Defendant appeals from a Judgment entered after her probation imposed pursuant to the Conditional Discharge was revoked. Section 90-96 of our General

---

[3] The Record is unclear as to why the hearing was not conducted on 20 May 2024.

Statutes, which governs conditional discharge, does not include a provision giving a defendant the right to appeal the revocation of probation imposed pursuant to a conditional discharge. Rather, the statute simply provides, if a defendant violates a condition of their probation, "the court may enter an adjudication of guilt and proceed as otherwise provided." N.C. Gen. Stat. § 90-96(a) (2025).

However, in *State v. Burns*, 171 N.C. App. 759, 615 S.E.2d 347 (2005), this Court stated: "In the absence of a provision to the contrary, and except where specifically excluded, the general probation provisions found in Article 82 of Chapter 15A apply to probation imposed under N.C. Gen. Stat. § 90-96." *Id.* at 761, 615 S.E.2d at 349. Thus, we will consider whether any section of Chapter 15A provides Defendant with a right of appeal.

Under N.C. Gen. Stat. § 15A-1347(a), "[w]hen a superior court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, either in the first instance or upon a de novo hearing after appeal from a district court, the defendant may appeal under G.S. 7A-27." Here, the trial court did not activate a suspended sentence or impose special probation; rather, it entered a Judgment against Defendant. Thus, Section 15A-1347 does not provide Defendant with a right to appeal in the instant case. Likewise, Section 15A-1444 does not provide grounds for Defendant's appeal. *See* N.C. Gen. Stat. § 15A-1444(a1)-(a2) (establishing grounds for appeal after a defendant pleads guilty).

Recognizing there is no express provision giving her the right to appeal, Defendant filed a Petition for Writ of Certiorari with this Court. "The writ of certiorari is one of the 'prerogative' writs that the Court of Appeals may issue in aid of its own jurisdiction." *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of the U.S.*, 384 N.C. 569, 572, 887 S.E.2d 848, 851 (2023) (quoting N.C. Gen. Stat. § 7A-32(c) (2021)).

In the instant case, Defendant has shown circumstances which justify issuing the writ. Moreover, this Court has, in at least one other instance, treated an appeal from a judgment entered after revocation of probation imposed pursuant to a conditional discharge as an appeal of right. *Burns*, 171 N.C. App. at 760, 615 S.E.2d at 348. To the extent there is doubt as to this Court's jurisdiction over Defendant's appeal, we exercise our discretion and grant certiorari to review her arguments on the merits.[4] *See Cox v. Steffes*, 161 N.C. App. 237, 241, 587 S.E.2d 908, 911 (2003).

## Issue

The issue on appeal is whether the trial court erred by revoking Defendant's probation imposed pursuant to her Conditional Discharge after her probationary

---

[4] We further note the Judgment does not bear a file stamp reflecting the date it was filed with the clerk of court. *See* N.C. Gen. Stat. § 1A-1, Rule 58 ("[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court[.]"). This Court has held lack of a file-stamped judgment or "other indication" the judgment was filed is a jurisdictional error, which prevents this Court from having subject matter jurisdiction "to review [its] contents." *See, e.g., McKinney v. Duncan*, 256 N.C. App. 717, 721, 808 S.E.2d 509, 512 (2017). Given this error, we conclude granting certiorari in this case is appropriate to ensure our jurisdiction over Defendant's appeal.

period had expired without making a finding of good cause under N.C. Gen. Stat. § 15A-1344(f)(3).

## Analysis

Defendant argues the trial court erred when it revoked her probation after her probationary period had expired without first finding "good cause shown and stated" as required by N.C. Gen. Stat. § 15A-1344(f)(3). The State, for its part, argues: (1) Defendant has waived her right to appeal by pleading guilty, (2) Defendant's probation had not expired when the trial court terminated her Conditional Discharge, and (3) the trial court made the requisite finding under subsection (f)(3).

a. *Waiver*

The State first contends Defendant has waived her right to appeal because she pleaded guilty. In the instant case, Defendant pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "*Alford* established that a defendant may enter a guilty plea while continuing to maintain his or her innocence." *State v. Alston*, 139 N.C. App. 787, 792, 534 S.E.2d 666, 669 (2000) (citing *Alford*, 400 U.S. at 37, 91 S. Ct. at 167-68, 27 L. Ed. 2d at 171). "Nonetheless, an *Alford* plea constitutes a guilty plea in the same way that a plea of nolo contendere or no contest is a guilty plea." *Id.* (citations and quotation marks omitted).

In *State v. Cordon*, this Court stated: "When [a] defendant consents to the terms of the probation [under N.C. Gen. Stat. § 90-96], he abandons his right to

appeal on *the issue of guilt or innocence* and commits himself to abide by the stipulated [conditions]." 21 N.C. App. 394, 396, 204 S.E.2d 715, 716 (1974) (emphasis added) (citing *State v. Miller*, 225 N.C. 213, 215, 34 S.E.2d 143, 145 (1945)). Here, Defendant argues the trial court erred by revoking her probation without subject matter jurisdiction. Thus, her appeal is not based on the issue of her guilt or innocence. Therefore, we disagree with the State that Defendant has waived her right to appeal because she pleaded guilty pursuant to *Alford*. *See id.*

b. *Revocation of probation*

Whether a trial court has the authority to revoke a defendant's probation after the defendant's probationary term has expired is a jurisdictional question, which we review de novo. *State v. Geter*, 383 N.C. 484, 488-89, 881 S.E.2d 209, 213 (2022) (citations omitted).

Generally, a trial court is without jurisdiction to revoke a defendant's probation "after the expiration of the period of probation except as provided in G.S. 15A-1344(f)." *State v. Camp*, 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980) (citations omitted). Section 15A-1344(f) provides that a trial court may revoke probation after the probationary period expires only if all of the following apply:

> (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.

- 7 -

(2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.

(3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.

. . . .

N.C. Gen. Stat. § 15A-1344(f)(1)-(3).

Here, Defendant's original term of probation was to run from 15 May 2023 to 15 May 2024. The Record shows, after a formal hearing on 11 March 2024, the trial court entered an order extending Defendant's term of probation to 20 May 2024, so that Defendant could have additional time to complete her community service.

Although there is no evidence the trial court extended Defendant's probation past 20 May 2024, the State nonetheless asserts that nothing in Section 15A-1344 "mandat[es] that continuances of probation be made formally" and, thus, we may "infer" Defendant's probation was extended again through 9 September 2024. However, Section 15A-1345 is clear that "[b]efore revoking or extending probation, the court *must*, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision and a summary record of the proceedings." N.C. Gen. Stat. § 15A-1345(e) (emphasis added).

Nothing in the Record supports the assertion Defendant's probation was extended past 20 May 2024. As such, the State's argument Defendant's probation

had been extended through 9 September 2024 is without merit. *Cf. State v. Sasek*, 271 N.C. App. 568, 575-76, 844 S.E.2d 328, 334-35 (2020) (rejecting State's request to infer the defendant had wished to defer his probation violation proceedings when there was nothing in the record indicating that was the defendant's desire).

The Record evidence reflects Defendant's probation expired on 20 May 2024. Therefore, when the trial court entered its Order revoking Defendant's probation on 9 September 2024, it was required to follow the mandates of N.C. Gen. Stat. § 15A-1344(f), which includes making a finding of "good cause shown and stated that the probation should be . . . revoked" after the term of probation has expired. *Camp*, 299 N.C. at 527, 263 S.E.2d at 594; N.C. Gen. Stat. § 15A-1344(f)(3).

The State further contends there is no merit to Defendant's appeal because, in its view, the trial court made the finding required under Section 15A-1344(f)(3). The State points to the following portion of the Transcript of the probation violation hearing:

> [Trial Court]: . . . Do this, make specific findings that [Defendant's] violations were failing to get her TASC assessment and complete any recommended treatment. [Defendant] failed to do any of her community service. Find I considered lesser things, but based on the time being on for the year and [Defendant] was ordered to do those things, she didn't do them, and then note her appeal.

The State argues " 'good cause stated' [under Section 15A-1344(f)(3)] means that the terms of probation that had been violated need to be shown." We disagree.

Our Supreme Court in *State v. Morgan* clearly explained the finding of "good cause shown and stated" required under subsection (f)(3) is distinct and separately required from a finding that the defendant violated a term of their probation:

> Subsection (f)(2) of N.C.G.S. § 15A-1344 makes clear that in order to revoke a defendant's probation following the expiration of his probationary term, the trial court must first make a finding that the defendant did violate a condition of his probation. After making such a finding, trial courts are then required by subsection (f)(3) to make an *additional* finding of "good cause shown and stated" to justify the revocation of probation even though the defendant's probationary term has expired.

372 N.C. 609, 617, 831 S.E.2d 254, 259 (2019) (emphasis in original).

The Record shows the trial court made the finding required under subsection (f)(2)—that Defendant had violated a term of her probation. However, there is no evidence in the Record the trial court made the finding required by subsection (f)(3) as to good cause to revoke Defendant's probation after the term of probation has expired. *See id.*

"[T]he specific finding described in [subsection (f)(3)] must actually be made by the trial court and such a finding cannot simply be inferred from the record." *Id.* at 616, 831 S.E.2d at 259 (citations omitted). Thus, because the trial court failed to make this statutorily mandated finding, it lacked jurisdiction to revoke Defendant's probation and enter Judgment against her. *Camp*, 299 N.C. at 527, 263 S.E.2d at 594 (citations omitted).

Accordingly, "the only remaining question is whether remand to the trial court is appropriate for it to determine whether good cause exists to revoke defendant's probation despite the expiration of [her] probationary period and, if so, to make an appropriate finding of fact as required by subsection (f)(3)." *Morgan*, 383 N.C. at 617, 831 S.E.2d at 260.

In *State v. Sasek*, the trial court revoked the defendant's probation after it had expired without making the requisite finding of good cause to do so. This Court vacated the order without remand because the trial court failed to hold the probation hearing on an earlier scheduled date and the record failed to disclose any specific reason for that failure. 271 N.C. App. at 575-76, 844 S.E.2d at 334-35. By contrast, in *Morgan*, the Court remanded the case to the trial court because it was unable to say "no evidence exists that would allow the trial court on remand to make a finding of good cause shown and stated under subsection (f)(3)." 372 N.C. at 618, 831 S.E.2d at 260 (quotation marks omitted).

Here, like the *Morgan* Court, "we are unable to say from our review of the record that no evidence exists that would allow the trial court on remand to make a finding of good cause shown and stated under subsection (f)(3)."[5] *Id.* (quotation marks omitted). Therefore, we remand the matter to the trial court to determine whether the evidence supports the required finding of good cause, and if so, to make a finding

---

[5] For instance, the Record shows an order was issued for Defendant's arrest on 20 May 2024 for failure to appear.

in compliance with N.C. Gen. Stat. § 15A-1344(f)(3). *See id.* (remanding with these instructions).

## **Conclusion**

Accordingly, for the foregoing reasons, we vacate the Judgment and remand this matter to the trial court.

VACATED AND REMANDED.

Judges ARROWOOD and FLOOD concur.

Report per Rule 30(e).